UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, *et al.*,<br><br>    Plaintiffs,<br>  v.<br><br>C AND C CONCRETE INC., *et al.*,<br><br>    Defendants.<br>_____ | No. C 10-03343 LB |
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, *et al.*,<br><br>    Plaintiffs,<br>  v.<br><br>C AND C CONCRETE INC., *et al.*,<br><br>    Defendants.<br>_____/ | No. C 10-03344 LB<br><br>**ORDER REGARDING SUPPLEMENTAL DECLARATIONS FOR PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT** |

The court heard argument on March 31, 2011, on the two pending motions for default judgment in these cases. At the hearing, the court ordered Plaintiffs to file supplemental declarations and briefing (if appropriate) to address factual discrepancies and overlaps in the categories of contributions identified in the currently-filed motions and declarations. Also, the court identified

contributions beyond those asked for in the pleadings. *See* Fed. R. Civ. P. 54(c); *Cripps v. Life Ins. Co. of N. America*, 980 F.2d 1261, 1267 (9th Cir. 1992) (relief limited to that requested in complaint). The court identified numerous apparent areas of inconsistencies in both cases on the record. Some representative categories in case number 10-03343 LB include the following:

1. Plaintiffs seek contributions on behalf of the owner of C and C Concrete, Jose Herrera, for September to December 2008, January to June, October 2009, and March to May 2010. *See* Complaint, ECF No. 1 at 5, ¶13(c-d); Hagen Decl., ECF No. 15 at 5-6, ¶¶ 18-21; ECF No. 15 at 52. Plaintiffs also seek these exact contributions for September to December 2008, and February to March 2009 in the category "not reported, not paid." Plaintiffs also seek the March to May 2010 contributions in the category "reported, not paid." In essence, Plaintiffs appear to double count these contributions once on behalf of Jose Herrara and once either for "not reported, not paid" contributions or for "reported, not paid" contributions.

2. In their complaint, Plaintiffs allege that Defendants reported but did not pay contributions for the period from February, June to September, November to December 2009, and January to May 2010. *See* Complaint, ECF No. 1 at 7, ¶ 18. In their motion for default judgment, Plaintiffs seek reported but unpaid contributions for the period from August, September, November to December 2009, and January to July 2010. Motion for Default Judgment, ECF No. 14 at 9. Thus, Plaintiffs seek, but did not plead in their complaint, reported but unpaid contributions for June and July 2010. Furthermore, they pleaded in their complaint but did not seek relief in their motion for default judgment for reported but unpaid contributions for February, June, and July 2009.

3. In their complaint, Plaintiffs allege that Defendants reported and paid late contributions for December 2008 and January 2009. Complaint, ECF No. 1 at 4-5, ¶ 13(g). In their motion for default judgment, however, they seek interest and liquidated damages on reported but late paid contributions for December 2008 and January, February, April, June, and July 2009. Motion for Default Judgment, ECF No. 14 at 11. Additionally, for December 2008, January, February, April, and June 2009, Plaintiffs claim that they both failed to receive contributions for those periods *and* that they received contributions for those periods but received them late. For example, for December 2008, Plaintiffs seek (1) unpaid contributions for Jose Herrera, (2) "not reported, not paid" contributions, and (3) damages for contributions they received late.

4. In their complaint, Plaintiffs seek an injunction requiring Defendants to submit to an audit from January 2007 to present. Complaint, ECF No. 1 at 16, ¶ 4. In their motion for default judgment, Plaintiffs ask for an audit from January 2009 to present. Motion for Default, ECF No. 14 at 3. At another point in their motion, Plaintiffs ask for an injunction to audit Defendants' financial records from January 2008 to present. *Id.* at 14-15.

At oral argument, Plaintiffs stated that for the apparent discrepancies and double counting for employee contributions, some were not reported and not paid, and others for the same time period were reported and not paid. This explanation is not evident from the record but may be established in a supplemental declaration.

The court identified similar discrepancies in case number 10-03344 LB:

1. In their complaint, Plaintiffs allege that Defendants reported but did not pay contributions for

C 10-03343 LB
ORDER RE SUPPLEMENTAL DECLARATIONS

2

    September, October, December 2009, and January 2010. Complaint, ECF No. 1 at 4-5, ¶ 13(a) and (b). In their motion for default judgement, however, they seek unpaid contributions, interest, and liquidated damages for September, October, December 2009, January, and March to July 2010. Motion for Default Judgment, ECF No. 14 at 2, 6. Plaintiffs thus seek, but did not plead in their complaint, unpaid contributions for March to July 2010.

2. In their motion for default judgment, Plaintiffs seek unpaid contributions, interest, and liquidated damages for contributions not reported and not paid on behalf of employee Nicholas Arrollo for January 2010. *Id*. at 2-3 and 9-11. Plaintiffs' complaint does not mention any unpaid contributions solely on behalf of Mr. Arrollo for January 2010. In addition, Mr, Arrollo's hours for January 2010 are at least partially included in the "reported, not paid" contributions that Plaintiffs seek.

3. Based on the total amount of unpaid contributions that Plaintiffs seek for "reported, not paid" contributions, their corresponding interest calculations are incorrect.

4. Plaintiffs do not seek contributions, interest, or liquidated damages for Industry Stabalization, ACE - Contract Intrp & App, or Contr. Admin/Market Pres. even though these categories are listed in the supporting documentation. Hagan Declaration, ECF No. 15 at 38-58, Exhs. I, J, and K.

In both cases, Plaintiffs must provide the court with the specific amounts that Defendants paid, but paid late in addition to their interest and liquidated damages calculations.

This is not an exhaustive list of the discrepancies and errors but a sample. The court devoted considerable time to identifying some of the discrepancies, but it is Plaintiffs' obligation to identify what relief they seek consistent with the relief they requested in the complaints.

As ordered on the record, Plaintiff shall file the supplemental filings by April 28, 2011. A further hearing is set for June 2, 2011 at 11:00 a.m. in Courtroom 4.

**IT IS SO ORDERED.**

Dated: March 31, 2011

_____
LAUREL BEELER
United States Magistrate Judge