1
2
3
4
5
6
7
8

UNITED STATES  DISTRICT COURT

9

Northern District of California

10

San Francisco Division

11
12
13
14
15
16
17

BOARD OF TRUSTEES OF THE CEMENT
MASONS HEALTH AND WELFARE
TRUST FUND FOR NORTHERN
CALIFORNIA; BOARD OF TRUSTEES OF
THE CEMENT MASONS VACATION-
HOLIDAY TRUST FUND FOR NORTHERN
CALIFORNIA; BOARD OF TRUSTEES OF
THE CEMENT MASONS PENSION TRUST
FUND FOR NORTHERN CALIFORNIA;
BOARD OF TRUSTEES OF THE CEMENT
MASONS TRAINING TRUST FUND FOR
NORTHERN CALIFORNIA,

No. C 10-03343 LB

**ORDER GRANTING PLAINTIFFS'
REVISED MOTION FOR DEFAULT
JUDGMENT**

[Re: ECF No. 90]

Plaintiffs,

18

v.

19

C AND C CONCRETE INC, and JOSE R.
HERRERA, JR.,

20
21

Defendants.

22

## INTRODUCTION

23

Plaintiffs – the trustees of employee benefits plans for masons and other covered employees in

24

the construction industry – sued Defendants C and C Concrete, Inc. ("C and C Concrete") and Jose

25

R. Herrera, Jr. for failing to pay employee fringe benefits and make monthly reports in violation of

26

the parties' collective bargaining agreement ("CBA"), the trust agreements, the Labor Management

27

Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.*, and the Employee Retirement Income Security

28

Act ("ERISA"), Pub. L. No. 93-406 (codified in part at 29 U.S.C. § 1002 *et seq.*).  *See* First

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Amended Complaint ("FAC"), ECF No. 34.[1]  Plaintiffs dismissed Mr. Herrera from this action,

2   Voluntary Dismissal, ECF No. 70, and now they seek a default judgment against C and C Concrete,

3   Revised Motion, ECF No. 90.  Following a hearing on June 6, 2013, and upon consideration of the

4   papers submitted, the undersigned finds that (a) Plaintiffs established subject-matter and personal

5   jurisdiction, and (b) the factors in *Eitel v. McCool* favor entry of default judgment against C and C

6   Concrete.  Accordingly, the court **GRANTS** Plaintiffs' motion and enters default judgment against

7   C and C Concrete in the amount of $163,833.16.[2]

8                                         **STATEMENT**

9   **I. FACTUAL ALLEGATIONS**

10      Plaintiffs are the administrators and trustees for the trust funds.[3]  FAC, ECF No. 32 ¶ 3.  These

11  trust funds are organized pursuant to the LMRA, and the trustees are fiduciaries of multiemployer

12  benefit plans within the meaning of ERISA.  *Id.*  Each of the trust funds is a third-party beneficiary

---

14      [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
15  number at the top of the document, not the pages at the bottom.

16      [2] All parties have consented to the undersigned's jurisdiction.  Consent (Plaintiffs), ECF No.
17  25 at 1; 9/22/2011 Joint Case Management Conference Statement, ECF No. 46 at 5 (indicating that
    Defendants consent to the undersigned's jurisdiction)

18      [3] The trust funds, established under trust agreements, consist of all employee fringe benefit
19  contributions that are to be made by employers pursuant to collective bargaining agreements as well
20  as all returns on contributions and any other property received or held by the trust funds. *See*
    Revised Hagan Declaration, Exh. A (introductory pages of the Amended and Restated Trust
21  Agreement Establishing the Cement Masons Pension Trust Fund For Northern California), ECF No.
    91-1 at 1-5; *id.*, Exh. B (pages eight through ten of Article II, Section 1, of the Trust Agreement
22  establishing the Cement Masons Pension Trust Fund for Northern California), ECF No. 91-1 at 6-9.

23      The Trust Agreements for the Cement Masons Health and Welfare Trust Fund for
24  Northern California, the Cement Masons Vacation/Holiday Trust Fund for Northern California
    and the Cement Masons Apprenticeship and Training Trust Fund for Northern California
25  contain the same terms and conditions as the Trust Agreement for the Cement Masons Pension
    Trust Fund for Northern California.  So the same references to the Cement Masons Pension Trust
26  Fund for Northern California apply to the Cement Masons Health and Welfare Trust Fund for
27  Northern California, the Cement Masons Vacation/Holiday Trust Fund for Northern California
    and the Cement Masons Apprenticeship and Training Trust Fund for Northern California.  *See*
28  Revised Hagan Declaration, ECF No. 91 ¶ 11.

C 10-03343 LB
ORDER RE DEFAULT JUDGMENT

UNITED STATES DISTRICT COURT
For the Northern District of California

1   of the CBA described below.  Id. ¶ 4.

2       C and C Concrete is a California corporation with its principal place of business in Lodi,

3   California and is an employer engaged in an industry or activity affecting commerce within the

4   meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(2), 1145, and Section 301 of the

5   LMRA, 29 U.S.C. § 185.  Id. ¶ 7.  Mr. Herrera is C & C Concrete's Regional Managing Officer,

6   Chief Executive Officer, and President.  Id.

7       Plaintiffs and C and C Concrete are parties to a CBA that requires C and C Concrete to pay (1)

8   fringe benefits for their employees to employee benefit plans by the 15th day of the next calendar

9   month, and (2) report the contributions for covered employees to the plan administrator.  Id. ¶¶ 7-11,

10  13.  C and C Concrete is a fiduciary as defined by ERISA Section 3(21), 29 U.S.C. § 1002(21), and

11  therefore also is a party in interest as defined by ERISA Section 3(14)(A), 29 U.S.C. § 1002(14)(A).

12  Id. ¶ 27.  In the event that C and C Concrete fails to make the monthly installments on or before the

13  25th day of the month in which the employee fringe benefit contributions are due, C and C Concrete

14  is subject to interest at the rate of 1.5% per month as well as liquidated damages of $150 for each

15  month that the contribution is delinquent.  See Revised Hagan Declaration, ECF No. 91 ¶ 16; id.,

16  Exh. H (Liquidated Damage Program — Board Policy), ECF No. 91-1 at 41-44.

17      Plaintiffs bring claims against Defendants for (1) Breach of Collective Bargaining Agreement,

18  (2) Recovery of Unpaid Trust Fund Contributions, (3) Breach of Fiduciary Duty, and (4) Mandatory

19  Injunction.  See FAC, ECF No. 32 ¶¶ 8-34.  In essence, they allege that Defendants failed to pay

20  employee fringe benefits and make monthly reports, as required, and that Defendants failed to pay

21  the resulting interest and liquidated damages, too.  See generally id.  More specifically, Plaintiffs

22  allege that Defendants breached the CBA in the following ways:

23  A.      By reporting, but failing to pay all employee fringe benefit contributions on behalf of its

24          covered employees for the period August, September, November and December, 2009;

25          January — December, 2010; and February and March, 2011, in the principal amount of

26          $64,114.28 (see id. ¶ 13(a)), and by failing to pay additional interest and liquidated damages

27          for the same periods (see id. ¶ 13(b) (the "Reported, Not Paid Contributions, Interest, and

28          Liquidated Damages"));

UNITED STATES DISTRICT COURT
For the Northern District of California

B.      By failing to report and pay all employee fringe benefit contributions on behalf of the owner, Herrera, for the period April, May, June and October, 2009; October, November and December, 2010; and January, February and March, 2011 in the principal amount of $25,871 (*see id.* ¶ 13(c)), and by failing to pay interest and liquidated damages for the same periods (*see id.* ¶ 13(d))(the "Owner Not Reported, Not Paid Contributions, Interest, and Liquidated Damages");

C.      By failing to report and pay all employee fringe benefit contributions on behalf of the covered employees of C and C Concrete for the period September — December, 2008 and February — March, 2009 in the principal amount of $11,705.48 (*see id.* ¶ 13(e)), by failing to pay interest and liquidated damages for the same periods (*see id.* ¶ 13(f)) (the "Audit Not Reported, Not Paid Audit Contributions, Interest, and Liquidated Damages"); and

D.      By failing to pay liquidated damages on employee fringe benefit contributions that were paid, but paid late (the "Late Contributions"), for the period December, 2008 and January, February, April, June and July, 2009 in the amount of $1,808.97 through April 25, 2011 (*see id.* ¶ 13(g)).

## II. PROCEDURAL HISTORY

On July 29, 2010, Plaintiffs filed a complaint against Defendants for failing to pay employee fringe benefits and make monthly reports, as required. *See* Complaint, ECF No. 1 ¶ 1.  After serving Defendants with the complaints and summons, Plaintiffs, on September 3, 2010, requested that the Clerk of the Court enter default against Defendants for failing to answer its complaint.  Complaint, ECF No. 1; Proof of Service, ECF No. 4 (Herrera); Proof of Service, ECF No. 5 (C & C Concrete); Request for Clerk's Entry of Default, ECF No. 6.  A few days later, the Clerk of the Court entered default against Defendants.  First Entry of Default, ECF No. 15.

On May 18, 2011, Plaintiffs filed a First Amended Complaint.  FAC, ECF No. 32.  After serving Defendants with the First Amended Complaint and Defendants failed to answer it, Plaintiffs requested the Clerk of the Court to enter default against Defendants with respect to the First Amended Complaint.  Certificates of Service, ECF No. 34, 35; Motion for Entry of Default, ECF No. 38.  On August 17, 2011, the Clerk of the Court entered default against Defendants.  Second

1    Entry of Default, ECF No. 41.  Soon thereafter, Defendants filed an answer.  Answer, ECF No. 42.

2    In response, the parties filed, and the court granted, a stipulation to vacate the August 17, 2011 entry

3    of default.  Stipulation, ECF No. 44; Stipulation and Order, ECF No. 45.

4          Defendants were originally represented by attorney Scott Woodall.  On May 25, 2012, the court

5    granted Mr. Woodall's motion to withdraw.  *See* Order Granting Defendants' Counsel's Motion to

6    Withdraw, ECF No. 66 at 1.  In the order, the court noted that "corporations may not appear in

7    federal court except through counsel," *see* N.D. Cal. Civil Local Rule 3-9(b), and ordered C & C

8    Concrete to file a substitution of counsel by June 29, 2012.  *Id.* at 3.  After C and C Concrete failed

9    to obtain a substitute counsel, Plaintiffs asked the court to strike C & C Concrete's[4] answer to the

10   First Amended Complaint.  *See* Plaintiffs' Case Management Conference Statement, ECF No. 68 at

11   3.  A few months thereafter, the court struck C and C Concrete's answer and invited Plaintiffs to

12   seek C and C Concrete's entry of default and to proceed with a motion for default judgment.  Order

13   Striking Answer, ECF No. 74.

14         Plaintiffs again sought C and C Concrete's default, Request for Entry of Default, ECF No. 85,

15   and the Clerk of Court entered C and C Concrete's default on March 26, 2013, Third Entry of

16   Default, ECF No. 87.  Plaintiffs thereafter filed the instant motion for default judgment against C

17   and C Concrete.  Revised Motion, ECF No. 90.  C and C Concrete was served with the motion by

18   mail on April 17, 2013.  Certificate of Service, ECF No. 94.  C and C Concrete has failed to respond

19   to it, *see generally* Docket, and C and C Concrete also did not appear at the June 6, 2013 motion

20   hearing, *see* 6/6/2013 Minute Order, ECF No. 97.

21                                          **ANALYSIS**

22   **I.  JURISDICTION**

23         Before entering default judgment, a court must determine whether it has jurisdiction over

24   defendants.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

25         **A.  Subject-Matter Jurisdiction**

26   _____

27         [4] On July 31, 2012, at Plaintiffs' request, the court dismissed Mr. Herrera from the case
     based on his bankruptcy discharge.  *See* Notice of Discharge and Order, ECF No. 70.  Therefore, the
28   only Defendant left in this suit is C & C Concrete.

C 10-03343 LB
ORDER RE DEFAULT JUDGMENT

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Plaintiffs allege four claims in their First Amended Complaint: (a) the first under the LMRA for

2    breach of the CBA, *see* 29 U.S.C. § 185(a); (b) the second under ERISA to recover unpaid trust fund

3    contributions, *see* 29 U.S.C. §§ 1132(g)(2), and 1145; (c) the third under ERISA for breach of

4    fiduciary duty, *see* 29 U.S.C. §§ 1002(21)(A), 1104, 1109; and (d) the fourth under ERISA for a

5    mandatory injunction for an audit, *see* 29 U.S.C. § 1132(g)(2)(E).  *See* FAC, ECF No. 32 ¶¶ 8-34.

6    The court has subject-matter jurisdiction over these federal claims.  *See* 28 U.S.C. § 1331(a).

7    **B.  Personal Jurisdiction**

8    Plaintiffs served C and C Concrete and Mr. Herrera with the original complaint and the First

9    Amended Complaint in California.  Proofs of Service, ECF Nos. 4, 5, 34, 35.  C and C Concrete is a

10   California corporation doing business in the state of California with its headquarters in Lodi,

11   California.  FAC, ECF No. 32 ¶ 7; Richman Declaration, ECF No. 16 at 5, Exh. A (showing valid

12   contractor's license for C and C Concrete, Inc. until January 31, 2012).  The court has personal

13   jurisdiction over C and C Concrete.  *See, e.g., S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007);

14   *Draper v. Combs*, 792 F.2d 915, 924 (9th Cir. 1986).

15   **II.  DEFAULT JUDGMENT**

16   Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for –

17   and the court may grant – a default judgment against a defendant who has failed to plead or

18   otherwise defend an action.  *See Draper*, 792 F.2d at 925.  Default judgments are generally

19   disfavored because "cases should be decided on the merits whenever reasonably possible."  *Eitel v.*

20   *McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court must consider the following factors when

21   deciding whether to use its discretion to grant a motion for default judgment: (1) the possibility of

22   prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the

23   complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute about the

24   material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy

25   underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Id*. at 1471-72.

26   These factors weigh in favor of default judgment against C and C Concrete in this case.

27   **A.  Merits and Sufficiency (prongs two and three of the *Eitel* test)**

28   After entry of default, well-pleaded allegations in the complaint regarding liability and entry of

UNITED STATES DISTRICT COURT
For the Northern District of California

1   default are taken as true, except as to damages.  *See Fair Housing of Marin v. Combs*, 285 F.3d 899,

2   906 (9th Cir. 2002).  The court is not required to make detailed findings of fact.  *Id.*  Default

3   judgment cannot exceed the amount demanded in the pleadings.  Fed. R. Civ. P. 54(c).

4   In their motion, Plaintiffs appear to seek default judgment with respect to their first and second

5   claims only.  *See* Revised Motion, ECF No. 90.  Plaintiffs' third claim alleges that Mr. Herrera is

6   individually liable for breaching his own fiduciary duty, *see* FAC, ECF No. 32 ¶¶ 27-28, but Mr.

7   Herrera was dismissed as a defendant to this action.  *See* Notice of Discharge and Order, ECF No.

8   70.  Plaintiffs' fourth claim seeks a mandatory injunction allowing them access to C and C

9   Concrete's books and records to determine the amount of contributions due and owing, but

10  Plaintiffs, though their motion, appear to be seeking damages only.  *See* Proposed Order, ECF No.

11  93.  Thus, the court only addresses Plaintiffs' first and second claims against C and C Concrete.

12      *1. Breach of the CBA under 29 U.S.C. § 185(a)*

13  29 U.S.C. § 185 permits Plaintiffs to sue for breaches of a collective bargaining agreement.

14  Federal courts apply federal common law principles to determine the enforceability of contract

15  provisions like liquidated damages provisions.  *See Idaho Plumber & Pipefitters Health & Welfare*

16  *Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 214-18 (9th Cir. 1989).  Plaintiffs' First

17  Amended Complaint sufficiently alleges a contractual obligation to make contributions and a breach

18  of that obligation.  *See* FAC, ECF No. 32 ¶¶ 8-15.

19      *2. Recover of Unpaid Trust Fund Contributions under 29 U.S.C. §§ 1132(g)(2) and 1145*

20  29 U.S.C. § 1145 provides, "every employer who is obligated to make contributions to a

21  multiemployer plan under the terms of the plan or a collectively bargained agreement shall, to the

22  extent not inconsistent with the law, make such contributions in accordance with the terms and

23  conditions of such plan or such agreement."  Section 1145 thus creates a claim against employers

24  who do not make timely contributions as required under a collective bargaining agreement.  *See*

25  *Trustees of the Screen Actors Guild-Producers Pension & Health Plans v. NYCA Inc.*, 572 F.3d 771,

26  774-76 (9th Cir. 2009); *Board of Trustees v. RBS Washington Blvd. LLC*, No. C 09-06660 WHA,

27  2010 WL 145097, at *2 (N.D. Cal. Jan. 8, 2010).  Plaintiffs here must prove the following: (1) the

28  plans are multiemployer plans as defined by 29 U.S.C. § 1002(37), (2) the CBA obligated C and C

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

Concrete to make the disputed contributions; and (3) C and C Concrete did not make the required contributions.  29 U.S.C. § 1145; *Board of Trustees of the Sheet Metal Workers Health Care Plan of Northern California v. Gevasio Envtl. Sys.*, No. C 03-4858 WHA, 2004 WL 1465719, at *2 (N.D. Cal. May 21, 2004).

Plaintiffs' First Amended Complaint contains sufficient facts establishing the elements of the claim:  the trusts are multiemployer benefit plans within the meaning of ERISA; the CBA required C and C Concrete to make contributions to the plans; and C and C Concrete did not make the required contributions.  *See* FAC, ECF No. 32 ¶¶ 16-24.

**B.  The Remaining *Eitel* Factors**

The remaining *Eitel* factors weigh in favor of granting default judgment.

*1.  Possibility of prejudice to Plaintiffs*.  If the motion is not granted, Plaintiffs have no recourse to enforce the terms of the agreement requiring C and C Concrete to make plan contributions and pay liquidated damages.

*2.  Possibility of dispute concerning a material fact*.  C and C Concrete's answer was stricken and it has defaulted, and thus there is no information that there might be a disputed issue of material fact.  The issues are straightforward: whether C and C Concrete failed to make timely contributions as required by the bargaining agreement, and what the liquidated and interest damages are.

*3.  Excusable Neglect*.  There is no indication that C and C Concrete's failure to participate in this proceeding is due to excusable neglect.  In fact, the record establishes ongoing contact by Plaintiffs with C and C Concrete through this action.

*4.  The sum of money at stake in the action*. When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged.  *See Eitel*, 782 F.2d at 1472 (three million dollar judgment, considered in light of parties dispute as to material facts, supported decision not to enter default judgment); *Tragni v. Southern Elec. Inc.*, No. 09-32 JF, 2009 WL 3052635, at *5 (N.D. Cal. Sept. 22, 2009); *Board of Trustees*, 2010 WL 145097 at *3 (*citing Eitel*, 782 F.2d at 1472).  The amounts sought here generally are modest and reasonable, and they are required by both the CBA and 29 U.S.C. §1132.  *See Northwest Administrators, Inc. v. Albertsons, Inc.*, 104 F.3d 253, 257-58 (9th Cir. 1996).  This factor does not disfavor entry of default judgment in this case.

UNITED STATES DISTRICT COURT
For the Northern District of California

5. *Strong policy in Federal Rules favoring decisions on the merits*. Despite the policy of favoring decisions on the merits, default judgment is appropriate when a defendant refuses to litigate a case. Fed. R. Civ. P. 55(b); *see RBS Washington*, 2010 WL 1450897 at *4.

## III. RELIEF SOUGHT

Under the trust agreement, CBA, and the ERISA statute, when contributions are unpaid, Plaintiffs may recover the following: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorney's fees and costs; and (5) such other legal or equitable relief the court deems appropriate. 29 U.S.C. § 1132(g)(2).

For the breach of contract claim for damages, the district court applies federal contract law to determine whether the liquidated damages are reasonable. *See Idaho Plumbers*, 875 F.2d at 214-18. Liquidated damages must meet two provisions: (1) the harm caused by the breach of contract must be difficult or impossible to estimate; and (2) the amount of liquidated damages must be a reasonable forecast of compensation for the harm caused. *Id.*; *United Order of American Bricklayers & Stone Masons Union No. 21 v. Thorleif Larsen & Son, Inc.,* 519 F. 2d 332 (9th Cir. 1975) (upholding liquidated damages provision in collective bargaining agreement of 10 percent of unpaid contributions).

For the ERISA claim for damages under 29 U.S.C. § 1132(g)(2), Plaintiffs must prove their entitlement to relief through written declarations and fulfill the following three requirements: (1) the defendant must be delinquent in its contributions at the time the action is filed; (2) the district court must enter judgment against the defendant; and (3) the plan must provide for the damages sought. *Northwest Administrators*, 104 F.3d at 257-58; *Idaho Plumbers & Pipefitters v. United Mechanical*, 875 F.2d 212, 215 (9th Cir. 1989). If these requirements are met, an award of contributions, liquidated damages, and reasonable attorney's fees and costs is mandatory. *Northwest Administrators*, 104 F.3d at 257-58; *Board of Trustees*, 2010 WL 145097 at *3. The specific award under 29 U.S.C. § 1132(g)(2) is as follows: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages as specified in the plan (generally not to exceed 20 percent of the unpaid contributions); (D) reasonable attorney's fees and costs; and (E) appropriate equitable relief. *See* 29

U.S.C. § 1132(g)(2).

The court now turns to Plaintiffs' requested relief.

**A. Reported, Not Paid Contributions, Interest, and Liquidated Damages**

As Plaintiffs describe in their motion, and as the documents submitted demonstrate, C and C Concrete submitted its Employer Reports of Contributions for the period August, September, November and December, 2009; January — December, 2010; and February and March, 2011 as required, reporting hours of covered work under the collective bargaining agreement. *See* Revised Hagan Declaration, ECF No. 91 ¶ 19, Exh. J (copies of the Employer Reports of Contribution for August, September, November and December, 2009; January — December, 2010; and February and March, 2011). C and C Concrete, however, failed to pay all of the contributions on behalf of its covered employees for this period. *See id.* ¶ 20, Exhs. I (Statement of Contributions Due Cement Masons Trust Funds [Reported, Not Paid]), J (copies of the Employer Reports of Contribution for August, September, November and December, 2009; January — December, 2010; and February and March, 2011). The unpaid principal contributions total $64,114.28. *Id.* ¶ 18, Exh. I. C and C Concrete owes this amount.

Further, pursuant to Liquidated Damage Program — Board Policy, C and C Concrete is subject to interest at the rate of 1.5% per month, as well as liquidated damages, set at $150 for each month that the contribution is delinquent. Calculated at 1.5% per month from the month in which each delinquent contribution for each Trust Fund was recorded and accumulated, the interest C and C Concrete owes through April 25, 2011 totals $9,833.29. *See id.* ¶ 21, Exh. K (Statement of Interest and Liquidated Damages Due [Reported/Not Paid]).[5]

---

[5] The court finds specifically that both conditions under *Idaho Plumbers* exist for enforcing the liquidated damage provision: (1) the harm caused by the breach of contract is difficult or impossible to estimate, and (2) the amount of liquidated damages is a reasonable forecast of compensation for the harm caused. *See Idaho Plumbers*, 875 F.2d at 214-18. As to the first factor, costs are spread across different trust for different benefits like health, pension, vacation and other benefits. Damage to labor-management harmony also results when an employer fails to comply with long-negotiated provisions in collective bargaining agreements. *See United Order of American Bricklayers*, 519 F.2d at 332 (finding these facts persuasive). As to the second factor, the court recognizes that Defendants ultimately made payments. Still, different trusts are affected, and the

In addition, pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to an additional award in an amount equal to the greater of the interest on the unpaid contributions (in this case, $9,833.29) or liquidated damages at the contract rate (in this case, $2,550). As the interest is greater than the liquidated damages, Plaintiffs are entitled to another $9,833.29 in interest. *See id.* ¶ 22, Exh. K.

In sum, for contributions reported, but not paid, Plaintiffs are entitled to an award under 29 U.S.C. §§ 1132(g)(2)(A), (B) and (C) as follows:

|  |  |
|---|---|
| Unpaid Contributions: | $64,114.28 |
| Board Policy Interest: | $9,833.29 |
| § 1132(g)(2)(C) Interest: | $9,833.29 |
| Sub Total: | $83,780.86 |

*See id.* ¶ 23.

**B. Owner Not Reported, Not Paid Contributions, Interest, and Liquidated Damages**

Sections 8F of the 2005-2009 and 2009-2013 Master Agreements provide that owners, partners, or supervisory personnel above the rank of foreman participating in the fringe benefit contributions are required to report and pay employee fringe benefit contributions at the rate of 160 hours per month. *See* Revised Hagan Declaration ¶ 17, Exhs. F (2005-2009 Master Agreement), G (2009-2013 Master Agreement). Mr. Herrera, the Regional Managing Officer, Chief Executive Officer, and President of C and C Concrete, failed to report and failed to pay employee fringe benefit contributions, at the rate of 160 hours per month, for the period April, May, June and October, 2009; October, November and December, 2010; and January, February and March, 2011 in the principal amount of $25,871. Revised Hagan Declaration ¶ 24, Exh. L (Statement of Owner Hours Not Reported To Cement Masons Trust Funds [Not Reported, Not Paid]). Plaintiffs are entitled to this amount pursuant to 29 U.S.C. § 1132(g)(2)(A).

Pursuant to Liquidated Damage Program — Board Policy, described above, C and C Concrete is subject to interest at the rate of 1.5% per month, as well as liquidated damages, set at $150 for each

$150 flat fee is relatively small compared to the size of the contributions involved. Thus, the court concludes that the liquidated damages provision of the trust agreement is reasonable.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1  month that the contribution is delinquent.  Calculated at 1.5% per month from the month in which

2  each delinquent contribution for each Trust Fund was recorded and accumulated, the interest C and

3  C Concrete owes through April 25, 2011 totals $2,887.16.  *See* Revised Hagan Declaration at ¶ 25,

4  Exh. M (Statement of Interest and Liquidated Damages Due [Reported/Not Paid]).

5      Additionally, pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to an additional award

6  in an amount equal to the greater of the interest on the unpaid contributions (in this case, $2,887.16)

7  or liquidated damages at the contract rate (in this case, $150.00).  As the interest is greater than the

8  liquidated damages, Plaintiffs are entitled to another $2,887.16 in interest.  *See* Revised Hagan

9  Declaration ¶ 26, Exh. M.

10     Based on the above, for contributions reported, but not paid, Plaintiffs are entitled to an

11  award under 29 U.S.C. §§ 1132(g)(2)(A), (B) and (C) in the following amount:

12          Unpaid Contributions:              $25,871.00

13          Board Policy Interest:             $2,887.16

14          § 1132(g)(2)(C) Interest:          $2,887.16

15          Sub Total:                         $31,645.32

16  *See* Revised Hagan Declaration ¶ 27.

17     **C.  Audit Not Reported, Not Paid Audit Contributions, Interest, and Liquidated Damages**

18     As described above, an audit was conducted of C and C Concrete.  The audit showed that C and

19  C Concrete failed to report and pay all employee fringe benefit contributions on behalf of its

20  covered employees for the period September — December, 2008 and February — March, 2009.  *See*

21  Revised Hagan Declaration, ECF No. 91 ¶ 28.  The audit summary sheets identify the employees, by

22  name and social security number (which are redacted), whose hours were not reported, and the hours

23  of covered work due for the period September — December, 2008 and February — March, 2009,

24  and show that C and C Concrete failed to report and pay contributions totaling $11,705.48.  *See id.*

25  ¶¶ 29, 30, Exhs. N (Statement of Contributions Due Laborers Trust Funds [Not Reported/Not Paid

26  — Covered Employees]), O (audit summary report).

27     C and C Concrete also owes interest on this amount.  Pursuant to Liquidated Damage Program

28  — Board Policy, C and C Concrete is subject to interest at the rate of 1.5% per month, as well as

UNITED STATES DISTRICT COURT
For the Northern District of California

1   liquidated damages, set at $150 for each month that the contribution is delinquent.  Calculated at

2   1.5% per month from the month in which each delinquent contribution for each Trust Fund was

3   recorded and accumulated, the interest C and C Concrete owes through March 26, 2011 is

4   $4,425.36. *See id.* ¶ 31, Exh. P (Statement of Contributions Due Cement Masons Trust Funds

5   [Liquidated Damages and Interest]).

6       In addition, pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to an additional award

7   in an amount equal to the greater of the interest on the unpaid contributions (in this case, $4,425.63)

8   or liquidated damages at the contract rate (in this case, $450.00).  As the interest is greater than the

9   liquidated damages, Plaintiffs are entitled to another $4,425.63 in interest.  *See id.* ¶ 32, Exh. P.

10      Based on the above, for contributions not reported, not paid — covered employees,

11  Plaintiffs are entitled to an award under 29 U.S.C. §§ 1132(g)(2)(A), (B) and (C) in the

12  following amount:

13  |                             |              |
    |-----------------------------|--------------|
    | Unpaid Contributions:       | $11,705.48   |

14  | Board Policy Interest:      | $4,425.63    |

15  | § 1132(g)(2)(C) Interest:   | $4,425.63    |

16  | Sub Total:                  | $20,556.74   |

17  *See id.* ¶ 33.

18  **D.  Late Contributions**

19      ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), provides that a court may award "such other

20  legal and equitable relief as the court deems appropriate."  This relief may include interest and

21  liquidated damages on employee fringe benefit contributions that were paid, but paid late.  *See*

22  *Northeast Administrators*, 104 F.3d at 257-58 (9th Cir. 1996); *Idaho Plumbers*, 875 F.2d at 216-18.

23      As evidence submitted by Plaintiffs demonstrates, during the period December, 2008 and

24  January, February, April, June and July 2009, although C and C Concrete paid the employee fringe

25  benefit contributions as reported, it failed to pay the employee fringe benefit contributions on time,

26  i.e., prior to the 25th day of the month immediately succeeding the month in which the employee's

27  work was performed.  *See* Revised Hagan Declaration, ECF No. 91 ¶ 34, Exh. Q (Statement of

28  Interest and Liquidated Damages Due [Paid/Paid Late]).  Interest and liquidated damages on

UNITED STATES DISTRICT COURT
For the Northern District of California

1  contributions that were paid, but were paid late, for the period December, 2008 and January,

2  February, April, June and July, 2009 amount to $1,808.97 as calculated through April 25, 2011.  *See*

3  *id.* ¶ 34, Exh. Q.  Accordingly, C and C Concrete owes this amount.

4      **E. Attorney's Fees and Costs**

5      Plaintiffs also request attorney's fees and costs as follows: fees of $25,285.00 (77.8 hours at

6  $325 per hour) and costs of $756.27.  Revised Motion, ECF No. 90 at 13-14; Revised Richman

7  Declaration, ECF No. 92 (itemized fees and costs).  An award for reasonable fees and costs is

8  mandatory because there are unpaid contributions and the plan provides for reasonable fees and

9  costs.  *See Northwest Administrators*, 104 F.3d at 257-58.  Fees are also allowed and appropriate

10  under the terms of the parties' trust agreements.

11      The $756.27 costs are fees related to the filing of the complaint and the service and mailing of

12  numerous documents.  *See* Revised Richman Declaration, Exh. A, ECF No. 92 at 14.  These are

13  reasonable, and the court awards them.

14      To determine a reasonable attorney's fee award in cases such as this, courts use the lodestar

15  method.  *Grove v. Wells Fargo Financial Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010).  The court

16  calculates a lodestar amount by multiplying the number of hours counsel reasonably spent on the

17  litigation by a reasonable hourly rate.  *Id.*  The court finds the hourly rate reasonable and

18  recommends awarding fees for 77.8 hours for a total of $25,285.00.

19      *1.  Reasonable Hourly Rate*

20      A reasonable hourly rate is that prevailing in the community for similar work performed by

21  attorneys of comparable skill, experience, and reputation.  *Moreno v. City of Sacramento*, 534 F.3d

22  1106, 1111 (9th Cir. 2008); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

23  The relevant community is the "forum in which the district court sits," which here is the Northern

24  District of California.  *Camacho*, 523 F.3d at 979.  The party requesting fees must produce

25  satisfactory evidence – in addition to the attorney's own affidavits or declarations – showing the

26  rates are in line with community rates.  *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Jordan*

27  *v. Multomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).

28      Based on Mr. Richman's experience, hourly rates and fee awards for counsel in similar cases,

C 10-03343 LB
ORDER RE DEFAULT JUDGMENT

and the Laffey Matrix (which here results in a locality-adjusted award of $418 an hour), the court

finds the hourly rate reasonable.  *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039,

1067 (N.D. Cal. 2010); *In re HPL Technologies, Inc. Securities Litigation*, 366 F. Supp. 2d 912,

921-22 (N.D. Cal. 2005).  Mr. Richman is a senior counsel, managing partner, and shareholder of

Bullivant Houser Bailey PC.  Revised Richman Declaration, ECF No. 92 ¶ 3.  He has been

practicing law since 1984, and has been handling ERISA trust litigation since 1995.  *Id*.  Mr.

Richman previously represented Plaintiffs during the period between 1995 to 2002, and more

recently since 2006.  *Id*.  Mr. Richman bills at $325 per hour, a lower rate than his standard rate for

general litigation of $375-$450.  *Id.* at ¶ 4, Exh. A (showing that Plaintiffs were billed at $325 per

hour).  Courts in this district have approved rates similar to that of Mr. Richman.  *See, e.g.,*

*Crosthwaite v. Brennan*, No. C 10-03940 CW (LB), 2011 WL 589821, at *8 (N.D. Cal. Jan. 25,

2011) (approving an hourly rate of $295).  The court finds Mr. Richman's hourly rate of $325

reasonable.

> ### 2. Reasonable Hours Expended

Reasonable hours expended on a case are hours that are not "'excessive, redundant, or otherwise

unnecessary.'"  *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*

*v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The party requesting fees must provide detailed time

records documenting the task completed and the time spent.  *See Hensley*, 461 U.S. at 434; *McCown*,

565 F.3d at 1102; *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).

Here, the total number of hours of 77.8 includes drafting the complaints filed, the documents

related to Defendants' multiple defaults, case management statements, and the instant motion for

default judgment.  Revised Richman Declaration, ECF No. 92, Exh. A.  Mr. Richman was

responsible for all billing except 0.4 hours).  *Id.*  The court finds these billings to be reasonable and

in line with the timeline of this action and were necessary for its prosecution.

### CONCLUSION

Based on the foregoing, the court **GRANTS** Plaintiffs' motion for default judgment and awards

Plaintiffs $163,833.16, which is broken down as follows:

• For the Reported, Not Paid Contributions, Interest, and Liquidated Damages, the court award

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Plaintiffs $83,780.86.

2   •   For the Owner Not Reported, Not Paid Contributions, Interest, and Liquidated Damages, the

3       court awards Plaintiffs $31,645.32.

4   •   For the Audit Not Reported, Not Paid Audit Contributions, Interest, and Liquidated Damages,

5       the court awards Plaintiffs $20,556.74.

6   •   For the Late Contributions, the court awards Plaintiffs $1,808.97.

7   •   For attorney's fees and costs, the court awards Plaintiffs $25,285.00 in fees and $756.27 in costs.

8       This disposes of ECF No. 90.

9   **IT IS SO ORDERED.**

10  Dated: June 6, 2013

11                                          _____
                                            LAUREL BEELER
                                            United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

C 10-03343 LB
ORDER RE DEFAULT JUDGMENT

16